FILED
2018-DCL-06855
11/27/2018 11:04 AM
Eric Garza
Cameron County District Clerk
By Linda Munoz Deputy Clerk
29266897

2018-DCL-06855

CAUSE NO. _____

| | | |
|---|---|---|
| **JACKIE CURTIS PETERSEN,** Plaintiff | § § § § | **IN THE DISTRICT COURT OF** |
| v. | § § | **CAMERON COUNTY, TEXAS** |
| **FEDEX FREIGHT INC. AND OMOGONIO OCANAS, JR.,** Defendants | § § § § § | Cameron County - 404th District Court ____ **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES TO DEFENDANT(S) FEDEX FREIGHT INC., AND OMOGONIO OCANAS, JR.

TO THE HONORABLE COURT:

Now comes, JACKIE CURTIS PETERSEN, Plaintiff, complaining of FEDEX FREIGHT INC. and OMOGONIO OCANAS JR., hereinafter Defendants, and files this his Original Petition and Request for Disclosures to Defendant(s) FEDEX FREIGHT INC., and OMOGONIO OCANAS JR. and for cause of action would show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.0   Discovery will be conducted under a Level III Discovery Control Plan in accordance with Rule 190.4 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2.1   Plaintiff, JACKIE CURTIS PETERSEN, is an individual who resides in Worthington, MN.

2.2   Defendant, OMOGONIO OCANAS JR., is an individual who resides at 23732 N. Louisiana Road, La Feria, Cameron County, TX and may be served with citation at that address via private process.

2.3   Defendant, FEDEX FREIGHT INC., is a foreign for-profit corporation doing business in

**EXHIBIT A**

Texas. Defendant may be served through its registered agent, CT CORPORATION SYSTEM, 1999 Bryan St. Ste. 900, Dallas, TX 75201-3136, via certified mail return receipt requested, restricted delivery.

## III.
## JURISDICTION & VENUE

3.1 Venue is appropriate under Section 15.002 of the Texas Civil Practice and Remedies Code in that Cameron County is the county in which one of the defendants resides and is subject to the court's personal jurisdiction with respect to this action.

3.2 Jurisdiction is appropriate in this Texas District Court because it has both subject matter jurisdiction and personal jurisdiction over all defendants. Filing of this lawsuit in a United States Federal Court would not be appropriate because it lacks both diversity jurisdiction and federal question jurisdiction in accordance with United States Federal Courts requirements. Although, the Plaintiff is seeking damages in *excess* of $75,000.00, there is lack of complete diversity of citizenship because at least one defendant is a citizen of the State of Texas in which this action is brought. There is no federal question involved. Plaintiff is also not asserting any claims arising under the Constitution, treaties, or laws of the United States. Therefore, removal would be improper.

3.3 Plaintiff pleads that he seeks monetary relief over one million dollars ($1,000,000.00).

## IV.
## MISNOMER, ALTER-EGO, ASSUMED NAME

4.1 In the event that any parties are misnamed or not included herein, such event was a "misnomer," and/or such parties are or were "alter-egos" of parties named herein. Alternatively, the Plaintiff contends that such "corporate veils" should be pierced to hold

such parties properly included in the interest of justice. In the event that the true parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification.

## V.
## FACTS

5.1   Plaintiff brings this suit to recover for damages for personal injuries sustained in a collision that occurred in San Antonio, Texas, on or about January 18, 2017. Said collision was proximately caused by the negligence of Defendants.

5.2   On or about January 18, 2017, Plaintiff was traveling north on the left lane of I-410 in San Antonio, Texas. Defendant, OMOGONIO OCANAS JR., was also traveling north on the right lane of I-410. Defendant was traveling ahead of plaintiff. Suddenly and without warning, he began swerving his vehicle and attempted to pull over to the left side of the road. As he moved his vehicle to the left he forcefully struck the front of the vehicle that plaintiff was traveling in. This caused Plaintiff to lose control of his vehicle and go off the road and into the center median. As a result of this collision, Plaintiff sustained serious and life changing injuries. He has been forced to endure a significant decrease in his quality of life and has had to undergo medical procedures to treat his respective injuries which arose from the collision caused by Defendants, FEDEX FREIGHT INC., and OMOGONIO OCANAS JR.

## VI.
## NEGLIGENCE

6.1   Plaintiff alleges that upon the occasion in question, Defendant, OMOGONIO OCANAS, JR., failed to use ordinary care by his acts and omissions in at least the following ways:

    a.   Failing to control his speed,

b. Failing to keep a proper lookout;

c. Failing to use due caution;

d. Failing to make a timely application of the brakes;

e. Failing to drive on the right side of the road;

f. Failing to drive in a single lane; and

g. Striking Plaintiff's vehicle which resulted in a collision causing injuries.

Each and all of the above stated acts and/or omissions, taken separately or together, constitute negligence and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## VII.
## NEGLIGENCE PER SE

7.1 Moreover, Plaintiff would show that, at the time of the incident in question, Defendant(s) violated the Texas Transportation Code Annotated in at least one or more of the following ways:

a. Driving at a speed greater than a reasonable and prudent person would under the circumstances then existing in violation of Texas Transportation Code §545.351;

b. Failing to drive on the right side of the roadway in violation of Texas Transportation Code §545.051;

Each of the foregoing acts and/or omissions, taken together or individually, constitute negligence per se and the same are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## VIII.
## RESPONDEAT SUPERIOR

8.1 At all relevant times herein, all of the agents, servants, or employees of Defendant FEDEX FREIGHT INC. include and are not limited to Defendant, OMOGONIO OCANAS, JR. This means that any of the agents, servants, or employees of Defendant, FEDEX FREIGHT INC., connected in any way to this suit, acting within the course and scope of their employment, official duties, in furtherance of the duties of their office or employment are to be included and are attributable to FEDEX FREIGHT INC., and are liable for all damages suffered by Plaintiff. Therefore, FEDEX FREIGHT INC., is vicariously liable under the Doctrine of Respondeat Superior.

8.2 Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count. At all times material, FEDEX FREIGHT INC. employed OMOGONIO OCANAS JR., and OMOGONIO OCANAS JR. was under FEDEX FREIGHT INC.'s direct supervision, employ, and control when he committed the wrongful and negligent acts described herein. Defendant, OMOGONIO OCANAS JR., failed to use ordinary care as a reasonable and prudent person would under the circumstances while acting in the course and scope of his employment with Defendant FEDEX FREIGHT INC. at the time the incident occurred. FEDEX FREIGHT INC. granted OMOGONIO OCANAS JR. authority to perform as an agent of FEDEX FREIGHT INC. FEDEX FREIGHT INC., held OMOGONIO OCANAS JR. out to the community as a fit and competent agent of FEDEX FREIGHT INC. OMOGONIO OCANAS JR. committed the tortious acts alleged within the apparent authority arising from his agency. Said conduct was undertaken in the

course and scope of OMOGONIO OCANAS JR. employment with FEDEX FREIGHT INC. OMOGONIO OCANAS JR. was acting at least in part to serve the interests of his employer when he the incident occurred. Specifically, OMOGONIO OCANAS JR. was acting as an agent, as well as using the trust, power and authority of the position granted. As a direct result of the conduct described herein, Plaintiff has suffered the injuries and damages described herein.

## VIX.
## DAMAGES OF
## JACKIE CURTIS PETERSEN

9.1 As a proximate and producing cause of the conduct of the Defendant(s), Plaintiff has suffered injuries and damages.

9.2 Plaintiff, **JACKIE CURTIS PETERSEN,** is seeking monetary damages from the Defendant(s) to compensate her for the following elements of damages.

    9.2(a)    Medical, hospital, pharmaceutical expenses in the past;

    8.2(b)    Medical, hospital, pharmaceutical expenses that, in reasonable probability he will incur in the future;

    9.2(c)    Physical pain and suffering in the past;

    9.2(d)    Physical pain and suffering that, in reasonable probability, he will suffer in the future;

    98.2(e)    Mental anguish in the past;

    98.2(f)    Mental anguish that, in reasonable probability, he will suffer in the future;

    9.2(g)    Physical impairment in the past;

    9.2(h)    Physical impairment that, in reasonable probability, he will suffer in the future;

    9.2(i)    Lost wages in the past; and

9.2(j)   Loss of earning capacity, in reasonable probability, he will suffer in the future.

9.3   All of the above enumerated damages were proximately caused by the negligence of the Defendant(s) and/or their servants, representatives, agents and/or employees, acting within the course and scope of their employment and/or agency. Based on the foregoing, the Plaintiff pleads for an amount of actual damages which the jury will deem reasonable under the circumstances and which is within the jurisdictional limits of this court.

## X.
## CONDITIONS PRECEDENT

10.1   All conditions precedent to Plaintiff's right to recover and Defendants' liability has been performed or has occurred.

## XI.
## INTEREST

11.1   Plaintiff seeks prejudgment interest and post judgment interest in the maximum amounts allowed by law.

## XII.
## U.S. LIFE TABLES

12.1   Notice is hereby given that Plaintiff intends to use the U.S. Life Tables as prepared by the United States Department of Health and Human Services.

## XIII.
## RULE 193.7 NOTICE

13.1   Pursuant to Rule 193.7 of the Texas Rules of Civil procedure, Plaintiff intends to rely upon the authenticity of any document a Defendant produces in discovery.

## XIV.
## REQUEST FOR ELECTRONIC SERVICE

14.1   Plaintiff requests that service of pleadings, orders, notices, discovery, and papers in this cause be made electronically upon their attorney at: ednalit@carlsonattorneys.com. Plaintiff's attorneys, hereby affirm their awareness of the right to later rescind this agreement by filing notice.

## XV.
## REQUEST FOR DISCLOSURE

15.1   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the Defendant(s) disclose within fifty (50) days of service of this request, the information and material described in Rule 194.2(a) through (l).

## XVI.
## JURY DEMAND

16.1   Plaintiff requests a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein; that upon a final trial by jury, that a Judgment be rendered for Plaintiff and against the Defendant(s) for actual damages in an amount the jury deems reasonable under the circumstances, which within the jurisdictional limits of the Court, along with costs of court, and both post and pre-judgment interest at the highest rate allowed by law, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE CARLSON LAW FIRM, PC
6243 IH-10 West, Ste 205
San Antonio, Texas 78201
Telephone:  (210) 696-8600
Facsimile:  (210) 680-7119
Email:  ednalit@carlsonattorneys.com

By: _____
Edna Elizondo
SBN: 24006082
Attorney for Plaintiff